Ex parte Eduardo Urrutia Martorell, Petitioner.   Ex parte Antonio Escalera, Petitioner.

Nos. 66 and 33A.   Argued November 30, 1931.—Decided March 7, 1932.

Juan Lastra, M. A. Martínez, and A. Arroyo for petitioners.   Rafael Buscaglia, Edelmiro Martínez Rivera, and José M. Calderón for respondents.   J. Ramírez Santibáñez for the Bar Association.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

A number of practicing lawyers and the Puerto Rican Bar Association object to the enrollment of these two candidates for examination, and challenge the constitutionality of two joint resolutions, numbers 58 and 69, Session Laws of 1931, pp. 1014, 1050.

The pertinent portion of Resolution number 58, reads as follows:

"Eduardo Urrutia Martorell is hereby authorized to take examination before the Supreme Court of Porto Rico for admission to the bar, and the said Supreme Court to grant him said examination on the day and hour that it shall determine, at the request of the interested party, provided that he proves that he holds the degree of Bachelor of Law from the Chicago Law School, of Chicago, which is an accredited university, and that he has all the other requisites alleged in the preamble of this Resolution, and if he shall pass his examination before the Supreme Court it shall issue him the corresponding license to practice the profession of law in the Island of Porto Rico."

The gist of number 69 is embodied in a paragraph which reads thus:

"Now, Therefore, Be it resolved by the Legislature of Porto Rico:

"Section 1.—To authorize Antonio Escalera, as he is hereby authorized, to take the examination for admission to the bar before the Supreme Court of Porto Rico, and to authorize the said Supreme Court to give him this examination on the day and at the hour that the said Court may determine, upon application of the interested person, and the presentation of his diploma as a lawyer, and of a favorable report of the Committee on character, to the said Supreme Court. of Porto Rico which, after he has met the said requirements and passed the examination, shall administer to him the proper oath and shall direct that his name be entered in the Register of Attorneys, with all the prerogatives and rights in the case."

The policy of most courts is to acquiesce in all reasonable legislative provisions concerning the qualifications of candidates for admission to the bar. 2 R.C.L. 942, section 7; note to *Re Applicants for License to Practice Law*, 10 L.R.A. (N.S.) 289.

The Supreme Court of Pennsylvania, in *In re Olmstead,* 140 Atl. 634, 636, announces as the true rule that:

". . . . Statutes dealing with admission to the bar will be judicially recognized as valid so far as but no further than the legislation involved does not encroach on the right of the courts to say who shall be privileged to practice before them and under what circumstances persons shall be admitted to that privilege."

In another recent case, *In re Bailey,* 249 Pac. 29, 30, the Supreme Court of Arizona says:

". . . . The Legislature may, and very properly does, provide from time to time that certain minimum qualifications shall be possessed by every citizen who desires to apply to the courts for permission to practice therein, and the courts will require all applicants to comply with the statute. This, however, is a limitation, not on the courts, but upon the individual citizen, and it in no manner can be construed as compelling the courts to accept as their officers all applicants who have passed such minimum standards, unless the courts are themselves satisfied that such qualifications are sufficient. If they are not, it is their inherent right to prescribe such other and additional conditions as may be necessary to satisfy them the applicants are indeed entitled to become such officers. In other words, they may not accept less, but may demand more, than the Legislature has required."

See also 6 C.J. 572, section 16; *Brydonjack v. State Bar,* 208 Cal. Rep. 439; and *Ex parte Boneta,* 39 P.R.R. 142.

In the case last mentioned may be found in outline the general rules heretofore prescribed by the Insular Legislature as to the qualifications of candidates for admission.

In the case of Urrutia, the joint resolution authorizing him to take, and the Supreme Court to grant an examination expressly provides for proof of his graduation from the Chicago Law School and of other matters recited in the preamble of such resolution. The fact that such proof is made a condition precedent to the granting of an examination plainly indicates an intention on the part of the Legislature merely to voice its appreciation of the alleged facts recited in the preamble as sufficient, if established by proof, to justify

this Court in treating the instant case as an exception to the general rules prescribed by previous legislative enactments. Resolution number 69 is not quite so clear but is open to a like interpretation. Inasmuch as both resolutions so construed leave a final determination of the whole matter to the sound discretion of this Court, neither need be regarded as an encroachment upon the inherent rights and powers of the judiciary.

The contention that both resolutions are unconstitutional as amounting to a denial of the equal protection of the laws to other prospective candidates for examination is not adequately developed in the briefs for objectors. Without prejudice to further consideration of the matter, if the same question should arise in some future case, it will suffice to say that for the reasons already stated, neither resolution denies to any future applicant similarly situated the privilege of presenting his claim to exemption by reason of unusual and exceptional circumstances either to the Legislature or to this Court.

Urrutia, at least, is a high-school graduate, with an excellent high-school record. By reason of his experience as the marshal of the district court, extending over a period of eight years, he has had ample opportunity to learn something in a practical way of procedure and practice. If he has improved this opportunity and has been as diligent in the study of the law as he seems to have been in his work as a high school student a thorough examination might show it.

The case of Escalera at its present stage is somewhat more doubtful, but due deference to the action of the Legislature demands that he should not be denied an opportunity to show, if he can, that an exception to the general rule should be made in his favor. Perhaps the testimony of the applicant himself and of the practicing attorneys referred to in his application may throw some light upon the character and extent of his actual experience in connection with legal matters.

In order that this Court may be more fully informed concerning the facts relied upon as sufficient to take these two cases out of the general rule, a day will be set for a hearing at which petitioners will be permitted to offer any testimony or additional evidence that they may desire and objectors will be given an opportunity to cross-examine any witnesses who may take the stand. At this hearing either of the petitioners may, if he be so advised, conduct his own case. Each should clearly understand that the burden is upon him to establish an exceptional and meritorious case. Each should be prepared in the event of admission to examination to satisfy the board of examiners as the result of a more exhaustive examination than is usually given that his mental capacity and actual knowledge of the law are more than enough to offset the lack of academic training and the class-room contact of an accredited law school.

So far as the constitutional question is concerned, the objection is overruled.