## Smyth's Application

*C. Wayne Smyth*, petitioner, p. p.

*G. W. Nitrauer*, for county board of law examiners.

SHULL, P. J., August 29, 1940.—. . . As this matter comes before the court, it presents but one question, i. e., "May this court direct the county board of law examiners either to file a favorable report to the court upon a petition for admission to the bar of this court, or to set forth reasons, going to some phase of the qualifications prescribed by statute or rule, upon which refusal to recommend admission is based?"

This matter comes before us upon a petition and demurrer and, consequently, in no way involves the question of the qualification of the applicant. While there may be question as to whether or not a matter of this type should be raised on mandamus rather than by petition and rule, still it is our view that if the court has the power to grant the relief prayed for in this petition, then, in view of the fact that this board is the creature of the court, the matter could likewise be considered and disposed of under a proceeding by petition and rule. It is argued that, under the provisions of rule VIII, sec. 6, of our rules of court, the county board of law examiners, if satisfied as to the good moral character and the professional qualifications of the applicant, are bound not only so to certify, but to

recommend to the court the admission of the applicant; and that if not so satisfied it is the duty of this board to report the particular things upon which they base an adverse recommendation. It is further argued that a favorable report to the court by the county board of law examiners would, under the provisions of the Act of July 11, 1923, P. L. 1069, sec. 1, to wit:

"Be it enacted, etc., That admission now had or that may hereafter be had to practice as an attorney-at-law in the Supreme Court of this Commonwealth shall, upon the approval of the local examining board, qualify such attorney for admission to practice as an attorney-at-law in every other court of this Commonwealth, and upon such approval shall operate as an admission of such attorney in any other court of this Commonwealth upon his filing, in the office of the prothonotary or clerk of said court, a certificate of admission in the Supreme Court and a certificate of approval from the local examining board and the payment to such prothonotary or clerk of a fee of one dollar";

operate as an admission to practice at the bar of this court by reason of the provisions of said act. With this contention we do not agree. Should the Act of 1923 be construed to the effect that the appointment by the court of a county board of law examiners strips the judges of the court of discretion in admitting or refusing to admit an applicant possessing a good moral character and proper professional qualifications, then this act is unconstitutional.

In Olmsted's Case, 292 Pa. 96, 103, 104, our Supreme Court said:

"Statutes dealing with admissions to the bar will be judicially recognized as valid, so far as, but no further than, the legislation involved does not encroach on the right of the courts to say who shall be privileged to practice before them, and under what circumstances persons shall be admitted to that privilege."

The power of the judges of the courts relative to admissions to practice before their respective courts is still

as is set forth in the Act of April 14, 1834, P. L. 341, sec. 68:

"The judges of the several courts of record of this Commonwealth shall respectively have power to admit a competent number of persons of an honest disposition, and learned in the law, to practise as attorneys in their respective courts."

Rule VIII, sec. 6, of our rules of court which provides for the appointment by the court of a county board of law examiners, inter alia, provides:

"No person admitted to practice in other Courts of this or other States shall be admitted to practice in this Court until he shall have appeared before the County Board of Law Examiners, who after they have received satisfactory evidence of the applicant's good moral character and professional qualifications including at least two years' diligent study and practice of the law, shall so certify to the Court, and recommend the applicant's admission to the bar. . . . Provided, also, that the County Board shall not issue a certificate recommending an applicant's admission to the Bar, until he satisfies the Board of his residence within the state for the six months' period required by Section 2, and also meets the other conditions specifically stated in that section as prerequisites to the granting of such certificate."

From an analysis of this rule it is perfectly apparent that it was not the purpose of the court to delegate, or attempt to delegate, to this board power to issue to an applicant a certificate "of approval" such as is provided for by the Act of 1923, the filing of which by the applicant with the prothonotary, together with a certificate of admission to the Supreme Court, and the payment of one dollar, would operate by reason of that act as an admission to practice at the bar of this court. Such rule would strip the court of the discretionary power in the matter of admissions to the bar set forth in the Act of 1834, supra, and vest this power in the board. The court has not the power of thus delegating its power, but the court has

the right and power to appoint a board, a committee, a master, or an auditor to serve in an advisory capacity and to perform such services in a prescribed manner and make such report to the court as by rule it may direct. In 1 Standard Pennsylvania Practice, p. 183, §225, the power and duties of such boards are clearly and well stated, i. e.:

"Local boards of examiners, as the State Board of Law Examiners, are not the creatures of statute. They are created by such of the courts as see fit to appoint them to assist the courts in connection with the duties of the courts relative to the admission of attorneys. They act under the supervision, and their acts require the approval, of the courts which create them. The powers of the local boards of examiners are nowhere defined save in the rules of court or the orders creating them either as boards, committees, or otherwise. They can exercise only such powers as are conferred upon them, and neither the courts nor the legislature may confer upon them the power of final decision. It is essential that the courts retain the inherent power not only to decide, but to make, all binding orders and judgments in this connection."

The duty of the county board of law examiners is clearly stated in this rule.

Section 7 of rule VIII of our rules of court provides:

"In every case where one or more of the County Board refuses to make a favorable report on the person submitting himself for registration or admission, the *said board shall file a report signed by them all that the said person has failed to meet the requirements of the rules of the court and the said committee could not recommend him as a student at law or for admission to the bar as the case may be.* The name or names of the member or members of the said Board so refusing to make a favorable report shall under no circumstances be divulged by the said Board or any member thereof." (Italics supplied.)

The report of this committee to the court on the application before us is in full compliance with the rule and, therefore, we know of nothing under the law which would

give to this applicant a right to demand that this committee in a report set forth the reasons upon which its report is based.

Applications for admission to this bar since 1929 have been comparatively few and, where such admissions have been made the practice in this court under the rule has been, after a favorable report to the court by the county board of law examiners, that a motion be made in open court for the admission of the applicant, the motion granted and admission directed by the court. There has been no procedure in the court after a recommendation of the committee against admission, but we can see nothing under the law or under the rules of our court to prevent a motion for admission, notwithstanding the report of the county board of law examiners against such admission.

The county board of law examiners having fully complied with the duty placed upon them under the rules, we find no ground for now making absolute the rule to show cause that they file a report setting forth their reasons for the report as made, and feel that the demurrer, so far as it relates to that, must be sustained; however, the petition and rule granted on it is in its nature a motion for the admission of this applicant, which motion he would have full right to make. There is not before us sufficient to enable us to fully consider and pass upon this motion at this time. That we may have before us full and complete facts touching compliance with section 2 of rule VIII by this applicant, particularly as to the matter of residence and facts relative to the question of whether or not there be a competent number of attorneys practicing at this bar at this time, we feel that there should be further investigation and report to the court touching such matters.

And now, August 29, 1940, the demurrer as to that part of the rule to show cause which relates to setting forth the reasons upon which the report of the county board of law examiners is based is sustained; and, under

the motion for admission to the bar which we construe that part of the rule to show cause why the applicant should not be admitted, we refer this application back to the county board of law examiners for further investigation and special report to this court relating to compliance with section 2 of the rules, particularly the matter of residence, and further, relative to whether or not there now be a competent number of attorneys practicing at this bar, together with their findings, conclusions, and recommendation to the court.