## Pike County Rules of Court

*Karl A. Wagner* and *Sidney L. Krawitz*, for the Bar of Pike County.

*Arlington M. Williams* and *Harold C. Edwards*, for the Bar of Monroe County.

McCLUSKEY, P. J., third judicial district, specially presiding, February 17, 1941.—The instant action is a request to the court by members of the Pike County Bar, resident in Pike County, to sign an order repealing Rule VIII of the Forty-third Judicial District of the State of Pennsylvania, insofar as it applies to Pike County, and adopting a new rule governing the right of attorneys to practice before the Common Pleas Court of Pike County.

Since July 18, 1901, Monroe and Pike Counties have formed the Forty-third Judicial District of the Commonwealth of Pennsylvania. One judge is elected to sit in the two counties. The courts of Pike County and the courts of Monroe County, however, are conducted as separate entities, having each their separate prothonotary, sheriff, and juries. In December of 1929, rules of court prepared by five attorneys, three of whom were residents of Monroe County and two of whom were residents of Pike County, were promulgated for the Forty-third Judicial District of the State of Pennsylvania and were approved by the court. Of these rules which have remained and currently are in force, article VIII, sec. 13, provides as follows:

"Sec. 13. An applicant for admission to the bar shall submit to the local Board of Examiners his certificate

verified by his affidavit that he does now, or that he intends immediately to, reside in one of the Counties of the Forty-third Judicial District, or that he has, or intends immediately to have and maintain, an office within said county, stating the postoffice address thereof. A failure to continue to reside or maintain an office within said county shall be ground to revoke the admission to the bar of this Court of any person admitted after the adoption of this rule, which action may be taken by the Court upon the application of the local Board of Examiners."

Under the preceding article and section of the present rules, members of the bar who resided in Monroe County have practiced law in Pike County, accepting retainers from clients resident within Pike County, representing litigants in all the courts of Pike County, signing præcipes, issuing legal process, appearing before the court, conducting trial, holding argument, and in general performing all the services of attorneys engaged in the legal business of their clients. Members of the bar residing in Pike County have likewise and in like manner practiced before the several courts of Monroe County.

On March 18, 1940, members of the bar of Pike County, residing in Pike County, requested the president judge of the district to sign an order repealing article VIII of the district rules, insofar as it applies to Pike County, and adopting a new rule which provides in part material to these proceedings as follows:

"Sec. 1. Practice in the Courts of Pike County, Pennsylvania, shall be restricted to those persons, learned in the law, who at the time of the adoption of this rule, maintain their bona fide legal residence in said County or who maintain their principal office within said County or who may thereafter be admitted in accordance with these rules."

"Sec. 4. Every præcipe, pleading, motion, rule, petition, caveat or other paper whatsoever filed in any case commenced or pending in any of the Courts of this County or before the Register of Wills, to which the signature of

an attorney-at-law is required to be affixed, must bear the signature or contain the name of at least one resident attorney of this Bar. The Prothonotary, Clerk of the Court of Quarter Sessions, Clerk of the Court of Oyer and Terminer, Clerk of the Orphans' Court and the Register of Wills are directed to refuse to file any paper offered which is not in conformity with this rule."

"Sec. 5(d). Any attorney who shall hereafter be admitted to this Bar upon his sworn declaration of intention permanently to practice in this County and to open and maintain his principal office therein within three weeks who shall fail to do so, or shall subsequently remove his principal office to another jurisdiction, shall forfeit his membership in this Bar, and upon the matter being brought to the attention of the Court by the County Board of Law Examiners, his name shall be stricken from the Roll."

"Sec. 7. Every Applicant·for admission to the Bar shall satisfy the County Board of Law Examiners: . . .

" '(e) That he has maintained a bona fide legal residence within the County of Pike for at least one (1) year prior to the date of his application for admission.

" '(f) Such applicant shall also deliver to the said Board a declaration signed by him, setting forth that he intends permanently to practice in this County on his own account and not as a member of a partnership or a representative of a firm, individual, or a corporation located outside of the County of Pike and will within three weeks of his admission open and maintain his principal office in the County of Pike, and deliver to the said Board a declaration signed by him to that effect and that failure to do so, or removal of his principal office to another County shall be construed as a request by him to have his name stricken from the Roll of the Bar of this County. If said Board should approve the applicant, this declaration shall be attached by the Board to their certificate recommending his admission which shall be produced in open Court when his motion for admission is made and shall be filed thereafter with the prothonotary.'

"Sec. 8(a). Should the applicant be a member of the Bar of the Court of another County, he shall not only comply with the foregoing requirements (a, b, d, e and f) but also shall satisfy the County Board of Law Examiners that he has practiced at least five (5) years in such other County and that he is of reputable professional standing and good moral character."

When the request by the resident members of the bar of Pike County was presented, the president judge had the proposed rule read in open court and made the following order:

"And now, March 18, 1940, the Rules Committee of Pike County having submitted and requested the adoption of the above changes in the Rules of Court of Pike County, the matter is held under advisement by the court until the 15th day of April, 1940, and it is directed that notice, together with a copy of the proposed rules be given to every member of the bar now qualified to practice in the courts of Pike County, at least 15 days prior to April 15, 1940."

Notice and copy of the said rules having been given as directed by the court to every member of the bar qualified under the current rule to practice in the courts of Pike County and specifically to all those practicing members resident in Monroe County, the members of the bar resident in Monroe County thereupon filed a petition requesting the court not to repeal the current rule and not to adopt the proposed new rule unless the practicing members of the bar resident in Monroe County are excepted from the operation of the new rule. On January 8, 1941, the cause came on for a hearing before Frank P. McCluskey, President Judge of the Third Judicial District of Pennsylvania, presiding by special appointment in the Forty-third Judicial District of Pennsylvania at the Court House at Stroudsburg, Pa., and testimony was taken.

The petitioning members of the bar resident in Monroe County upon argument contend that repeal of the present rule VIII, insofar as it relates to the courts of

Pike County, and the adoption of the proposed new rule VIII which would prohibit them from practicing before the several courts of Pike County unless they moved their residence to or opened their offices in Pike County, would deprive them of a property right, and that they may not be legally deprived of such property right except for misconduct or misbehavior.

Because the Counties of Monroe and Pike have been designated by the legislature as one judicial district, because the Court of Common Pleas of Pike County and the Court of Common Pleas of Monroe County are separate courts having separate territorial jurisdiction, and because of the informality with which the attorneys admitted to practice by the separate courts of Pike and Monroe Counties have appeared and practiced before the courts of both counties, the petition of the attorneys admitted to practice before the court of Pike County and resident in Pike County now raises a difficult question, for which there appears to be no solution both eminently fair and eminently satisfactory. By the Act of May 21, 1931, P. L. 167, sec. 1, and the preceding Act of May 25, 1921, P. L. 1163, sec. 1 (now repealed), 17 PS §§767, 721, the legislature designated the Counties of Monroe and Pike as the Forty-third Judicial District of the Commonwealth, and provided therefor one judge learned in the law. Although the Counties of Monroe and Pike by legislative provision thus compose the Forty-third Judicial District, nevertheless, under the Act of April 14, 1834, P. L. 333, sec. 18, 17 PS §221, it is provided that in every of the counties of the Commonwealth there shall be holden and kept a court of record, the name and style whereof shall be the court of common pleas of the (respective county) and each court of common pleas of each county shall have jurisdiction and power within their respective counties to hear and determine all pleas, actions, and suits and causes, civil, personal, real, and mixed according to the Constitution and laws of the Commonwealth: Act of June 16, 1836, P. L.

784, sec. 12, 17 PS §251. Under the Constitution of the Commonwealth and the preceding acts of legislature, there have been established a Court of Common Pleas of Pike County and a Court of Common Pleas of Monroe County, each court having separate jurisdiction co-extensive with the confines of its respective county. The separate entity of the Courts of Common Pleas of Monroe County and Pike County, we think, may not be obscured by the fact that they compose one judicial district and are presided over by the same president judge. In determining the question of qualifications of attorneys who shall be admitted to practice before the separate courts, moreover, we are moved by considerations of the future growth and development of the respective bars. We think it fundamental that the several courts of common pleas of the several counties within the limitations of their power as defined by the Constitution and the legislature should be vouchsafed and safeguarded in their freedom to elaborate the rules regulating the practice of law within their separate jurisdictions. The legislature has provided generally that the judges of the several courts of record of the Commonwealth shall have the power to admit a competent number of persons duly qualified to practice as attorneys in their respective courts: Act of April 14, 1834, P. L. 333, sec. 68, 17 PS §1602, while the Supreme Court has declared on several occasions that the courts have inherent power to make rules and orders prescribing the privilege to practice before them and the circumstances under which persons shall be admitted to that privilege: Olmsted's Case, 292 Pa. 96, 103, 104 (1928). In preparing rules of court it has been the practice of the several courts of common pleas to consult with the members of their bar through a specially appointed committee, and to be guided by the recommendations made by the bar which appear reasonably necessary to expedite the business of the tribunal, to protect the public and the members of the bar. In this connection it has been held that a court rule requiring that an applicant for admission to

the bar shall make a formal declaration in writing that he intends permanently to practice in that county and within three months to open his principal office there, is a valid rule and reasonably calculated to expedite the business of the court: Olmsted's Case, supra. The court said that one who does not intend to establish an office in a county to whose court he would be admitted " 'is not to expect practitioners having established offices within [the county] to be subjected to annoyance and inconvenience in the service of [papers] upon him' ", and "that the adoption of a rule to minimize such annoyance and inconvenience was 'within the power of the court' even if the rule in question affected the right to be admitted to the bar of such court." We think the conclusion unescapable that if the court is justified in adopting such rule limiting admission to the bar for the protection of the bar, it has the power and must logically rule that a member already admitted to the bar may forfeit his privilege to practice unless he maintains his bona fide residence or his principal office within the said county.

In the instant case, it is established that the petitioning attorneys, resident in Monroe County and having their principal offices in Monroe County, did not go through certain formalities prescribed for admission to the bar of the Common Pleas Court of Pike County. The privilege of practicing indiscriminately before the courts of both Pike and Monroe Counties appears to us to have been a matter of courtesy between the respective courts and bars. We agree with the petitioning attorneys resident in Pike County that an attorney admitted to practice in the court of Monroe County, residing and having his principal office in Monroe County, cannot be deemed to have a property right in the privilege to practice in Pike County, and we must further agree that a rule of court requiring an attorney either to reside or to maintain his principal office in Pike County as a condition to his right to practice before the courts of Pike County cannot be held to deprive the practitioner of a property right or

place an unreasonable limitation thereon. Whatever the wisdom of discontinuing the privilege heretofore enjoyed by the members of the bars of Pike and Monroe Counties, which must have largely made for uniformity, cooperation, and good will in the judicial district presided over by one judge and served by one bar association, we feel bound to conclude, as a matter of law, that the rule requested by the attorneys residing in Pike County, in view of the adoption of similar rules by numerous courts of common pleas throughout the Commonwealth, can be adjudged neither an unreasonable regulation of the practice of law nor a deprivation of property rights, and that the members of the bar of Pike County resident in Pike County are entitled to have their request granted.