## In re Griffith

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner, and Hunter, JJ.

*Wolf, Bloch, Schorr & Solis-Cohen*, for petitioner.

PER CURIAM, June 22, 1945.—There was presented to this court on the current motion list a petition of David R. Griffith, Jr., for readmission to practice at the bar of this court. In substance it recites that petitioner had been disbarred from this court pursuant to disbarment proceedings instituted in the Court of Common Pleas of Philadelphia County wherein a decree of disbarment was entered on June 26, 1935; that subsequently, on January 23, 1945, the Supreme Court (Justice Linn and Justice Allen M. Stearne dissenting) entered a decree disapproving the recommendation of the board of governance that petitioner be not readmitted to membership of the bar of the Supreme Court, but approved the recommendation of admission by the chief standing master concurred in by one associate. The decree further ordered petitioner to appear before the bar of the Supreme Court and again take the oath of office required of those who are admitted to the bar of that court. On January 18, 1945, petitioner was readmitted to the bar of the Supreme Court of Pennsylvania. The petition also avers that, pursuant to a similar petition addressed to the judges of the court of common pleas, he was readmitted to that court on February 20, 1945.

The question before us is the effect of the two decrees of the Supreme Court so far as this court is concerned.

The common-law rule that each court of record is the judge of the qualifications of the persons to be admitted to practice before it has been written into our statutory

law by the Act of April 14, 1834, P. L. 333, sec. 68, 17 PS §1602, which reads:

"The judges of the several courts of record of this Commonwealth shall *respectively* have power to admit a competent number of persons of an honest disposition, and learned in the law, to practice as attorneys in their respective courts." (Italics ours.)

The effect of admission to the Supreme Court was provided for by the Act of May 8, 1909, P. L. 475, sec. 1, as amended by the Act of April 18, 1919, P. L. 73, sec. 1, and again by the Acts of April 20, 1921, P.L. 151, and July 11, 1923, P. L. 1069, the act as last amended being reported in 17 PS §1605, as follows:

"Admission now had or that may hereafter be had to practice as an attorney-at-law in the Supreme Court of this Commonwealth shall, upon the approval of the local examining board, qualify such attorney for admission to practice as an attorney-at-law in every other court of this Commonwealth, and upon such approval shall operate as an admission of such attorney in any other court of this Commonwealth upon his filing, in the office of the prothonotary or clerk of said court, a certificate of admission in the Supreme Court and a certificate of approval from the local examining board and the payment to such prothonotary or clerk of a fee of one dollar. Such certificate shall be granted by the prothonotary of the Supreme Court, upon application and the payment of a fee of one dollar, to any person legally entitled thereto, and shall be in the following form. . . ."

The latter act as last amended was before the Supreme Court for construction in Olmsted's Case, 292 Pa. 96. In the Olmsted Case, admission was refused to a member of the bar despite his admission by the Supreme Court because the local examining board of Delaware County refused him a certificate of approval solely on the ground that he had not conformed to a local rule of that county which required a statement of

an intention to open and maintain his principal office in Delaware County. In upholding the refusal the Supreme Court said (p. 103) :

"The true rule is as follows: Statutes dealing with admissions to the bar will be judicially recognized as valid, as far as, but no further than, the legislation involved does not encroach on the right of the courts to say who shall be privileged to practice before them, and under what circumstances persons shall be admitted to that privilege. Acts of this kind have been construed in the past in such a way as to bring them within this rule, rather than as being unconstitutional."

It is to be noted that the Act of 1909, as amended, which seeks to regulate admissions to practice by attorneys admitted to the Supreme Court, expressly provides that such admissions shall be "upon the approval of the local examining board". Our own rule, Local Rule 25(I), provides as to the effect of disbarment, but not as to readmission after disbarment, as follows:

"25(I) Disbarment or suspension of an attorney at law who is a member of this bar, by any court of record in this Commonwealth, shall, when a copy of an order or decree to that effect be received from said court, or from The Board of Governance of the Pennsylvania Bar, operate as a disbarment or suspension of such attorney in this court without any other or further proceedings being required to that end. If such order or decree is reversed on appeal, the attorney affected thereby may move for re-instatement in this court."

While this rule does not cover the situation specifically, by implication it is of assistance in that even where a disbarment is reversed on appeal, his restoration is not automatic but there must be a motion for reinstatement. Consequently it would seem to follow that where an attorney is readmitted by the Supreme Court *after* having been disbarred, a new application for readmission here would seem indispensable. It would follow that his motion for readmission must be

supported by a certificate of approval of the county board of law examiners, as provided by our Rule 25 (B).

In this connection it should be pointed out that Rule 17 of the Supreme Court Rules, which relates to and creates a board of governance, composed of 11 members of the bar appointed by the Supreme Court, was last amended March 1, 1944, by adding thereto a new paragraph designated subdivision (*m*), which reads as follows:

"In all cases where a decree of suspension or disbarment of an attorney shall have been entered by this court and also by any other court or courts of record of the Commonwealth of Pennsylvania, any petition for re-instatement of the individual affected shall be submitted to this court before it is submitted to any other of such courts. This court may, at its option, refer the petition to the Board of Governance, or to the other court or courts from which the petitioner was disbarred or suspended, for a report or a recommendation or for both, or it may act upon the same without making any such reference. The final action taken by this court on the petition for re-instatement shall be certified to the other state court or courts from which the petitioner has been suspended or disbarred."

It is to be noted that the Supreme Court, neither in this rule nor in any other rule, undertakes to direct that reinstatement or readmission to its bar shall operate ipso facto as readmission to the bar of every other court.

We are of the unanimous opinion that upon disbarment an attorney's membership of the bar is completely at an end, and when he seeks readmission he is, to all intents and purposes, in the same category as any other candidate for admission who never before was a member of the bar. Hence certificate of recommendation or approval by the Philadelphia County Board of Law Examiners must be presented to us before he can be

readmitted, this being required both by our Local Rule 25 (B) and the Act of 1909, as amended.

We, therefore, come to the following conclusions: (1) The certificate of the Supreme Court does not operate ipso facto to readmit Mr. Griffith to our court; (2) he takes the status of a new applicant, and must make an application for recommendation of his request for readmission to the county board of law examiners in the same way as though he had never been a member of our bar. The petition is now denied with leave to applicant to apply for the requisite certificate of recommendation of the county board of law examiners, who should pass upon his application in the same manner as they pass on applications of candidates for admission never before admitted.