Clarke Case.

Argued September 29, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Frank A. Moorshead,* with him *William H. Doerr, Jr.,* and *H. E. Potter,* for appellant.

*Butler, Beatty, Greer & Johnson,* filed a brief for Robert W. Beatty, amicus curiæ.

OPINION BY MR. JUSTICE LINN, November 10, 1947:

This appeal is from an order of April 21, 1947, dismissing appellant's petition for reinstatement as a member of the bar of the court below. He had been admitted to practice in that court on September 25, 1923. On May 24, 1940, his name was stricken from the roll in consequence of his resignation and the recommendation of the Board of Censors of Delaware County. Disbarment in the court below was followed by disbarment in this court, July 8, 1940: Rule 17 (a).

On June 14, 1945, appellant was reinstated as a member of the bar of this court after favorable action by the Board of Governance on his application: Rule 17 (m). The report of the Board of Governance contains the results of its own investigation and hearings and also the report of the Board of Law Examiners of Delaware County with the evidence taken by that board. The Board of Governance stated: "There is nothing in the Record which discloses any wilful misconduct on the part of the Petitioner, any failure to appreciate the highest requirements of professional conduct, any evidence of negligence in the conduct of his professional practice, other than the evidence and results of the excessive use of alcohol. The record discloses no evidence whatever, even while the Petitioner was under the influence of alcohol, that he was ever guilty of either dishonesty or viciousness."

Desiring reinstatement to practice in the Common Pleas * of Delaware County, appellant, on December 2, 1946, applied to the examining board of that county for approval of his re-admission. The board met on December 16, 1946, and after hearing petitioner and witnesses, filed a written report which concluded as fol-

---

* The brief states that the Orphans' Court of Delaware County reinstated petitioner.

lows: "The Board after the testimony was taken discussed this matter at some length and concluded that Mr. Clarke had overcome his prior excessive use of intoxicants and on motion duly made and seconded, unanimously adopted a Resolution recommending that Mr. Clarke be admitted to practice in the Court of Common Pleas of Delaware County, Pennsylvania."

The Act of July 11, 1923, P. L. 1069, 17 PS 1605, amending prior acts, provides: "That admission now had or that may hereafter be had to practice as an attorney-at-law in the Supreme Court of this Commonwealth shall, upon the approval of the local examining board, qualify such attorney for admission to practice as an attorney-at-law in every other court of this Commonwealth, and upon such approval shall operate as an admission of such attorney in any other court of this Commonwealth upon his filing, in the office of the prothonotary or clerk of said court, a certificate of admission in the Supreme Court and a certificate of approval from the local examining board . . ."

Appellant then applied to the court below for reinstatement pursuant to the Act of 1923 and, in compliance with its provisions, based his application on the certificate of his reinstatement in this Court and the approval of the local examining board. Appellant's application contained the essentials for favorable action; he exhibited the certificate of his re-admission to practice in the Supreme Court and the certificate of approval of the local examining board. There is no suggestion of failure to comply with local rules; on the contrary, from what the court said, the rules seem to have been fully complied with. In the circumstances, therefore, it was the duty of the court to grant the prayer of the petition. Reinstatement was refused in an opinion written by MacDade, P. J., which does not clearly state the ground of the court's action.

As near as we can determine the court's objection to reinstating appellant, it was based on the theory that

the court had an inherent power to exclude. Courts of common pleas have no such power, as was held in *Hoopes v. Bradshaw*, 231 Pa. 485, 80 A. 1098. In that case this court directed a writ of mandamus to issue to the prothonotary of the Common Pleas of Beaver County requiring him to accept the præcipe for appearance of a member of the bar of Allegheny County and of this court in a suit in the Common Pleas of Beaver County. The application was based on the Act of May 8, 1909, P. L. 475, 17 P.S. 1605, since amended by the Act of July 11, 1923, quoted above. The Act was challenged as unconstitutional usurpation of power by the legislature. The contention was rejected on page 489 as follows: "By sec. 3, art. V, of the constitution, the jurisdiction of this court extends over the entire commonwealth, and, by appeal or certiorari the proceedings of every district court of record, as well as those of the Superior Court, can be here reviewed. By the act of May 22, 1722, its powers are those possessed by 'the court of King's Bench'—the supreme court of common law in England,—'common pleas and exchequer, at Westminster, or any of them.' It was not, therefore, an unwarranted assumption on the part of the legislature that qualifications which fit an attorney at law to practice before the supreme court of the state ought to fit him to do so in every other court within it; but what may have induced the legislature to act is not important. The sole question is, Did it have the power to act as it did? Having first distinctly recognized the performance of a judicial act by this court, what follows is but a legislative enactment as to the force and effect to be given to it by the lower courts. For nearly seventy-five years similar legislation has been recognized, without a suggestion from anyone of its being an encroachment upon the powers and functions of the judiciary. The adoption of rules of court regulating practice therein is certainly as much a judicial function, with which the legislature may not interfere as is the admission of attorneys, and yet, from the time of the

passage of the act of June 16, 1836, requiring all the courts of common pleas in the commonwealth, sitting as courts of equity, to be bound by the rules of practice as adopted by this court, no one has ever heard that such legislation was an encroachment upon the judiciary. And it was not, for it merely declared what effect shall be given to the rules or orders of this court, which it has the inherent power to make independently of the legislative branch of the government. This is practically the situation before us. All that the act of 1909 does is to declare what effect is to be given to a purely judicial act of this court in directing the admission of an attorney at law to practice before it. The act neither encroaches upon nor interferes with a power exercisable by the judiciary alone, but declares that when such power has been exercised by the highest judiciary of the state, in passing upon the qualifications of an applicant to practice as an attorney before it, its act in admitting him to its bar is to be duly recognized by all the other courts over whose proceedings it has constant supervision. But while this is so, there are certain functions of the lower courts with which the act of 1909 does not interfere. . . ."

In *Olmsted's Case*, 292 Pa. 96, 103, 140 A. 634, MOSCHZISKER, C. J., said: ". . . since the rules adopted by us on September 30, 1927, setting up machinery to inquire into the personal character of candidates for admission to the bar of the Supreme Court, membership at the bar of this court is sufficient in itself to show good character up to the date of such admission, though, as said by us in Hoopes v. Bradshaw, 231 Pa. 485, 491, 'any [other] court may refuse to permit [a member of the bar of the Supreme Court] to practice before it upon being duly informed that he no longer possesses an "honest disposition," ' or, in other words, a good moral character. To which we now add: or if such other court certifies of record either a reason to believe that the Supreme Court was misled as to the candidate's real char-

acter, or other good and sufficient reasons why he should not be enrolled as a member of the local bar to which he seeks admission." While the opinion of the learned court below refers to this case, there is nothing to show that the court was "duly informed" by hearing and adjudication that the appellant had become unfit for re-admission; there is no certificate of reason to believe that this court was misled into readmitting the applicant in June, 1945, or of sufficient reason why his application should not now be granted. If the court below had adjudicated appellant's unfitness since his re-admission by this court, or had become possessed of evidence (a) that this court had been deceived or misled in making the order of re-admission in June, 1945, or (b) of conduct since that time disclosing that petitioner was not fit to practice law, these facts could and should have been stated to enable this court to take steps appropriate in the circumstances. The Common Pleas had no power of arbitrary veto.

The order appealed from is reversed and the record is remitted with instructions to grant the prayer of appellant's petition.