Stewart, Appellant, *v.* Bechtel, Prothonotary.

Argued May 24, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

124

*Laurence H. Eldredge,* for appellant.

*Aaron S. Swartz, Jr.,* with him *Victor J. Roberts,* for appellee.

OPINION BY MR. JUSTICE LINN, October 4, 1948:

This is an action of mandamus brought against the prothonotary of the court of common pleas of Montgomery County for an order requiring him to accept the plaintiff's præcipe for a writ of summons in a certain suit and to issue the writ and enter plaintiff's appearance as attorney in that suit. The defendant prothonotary filed preliminary objections, among them, (1) that mandamus is not the proper action; (2) that the complaint shows that plaintiff has not complied with the Act of May 8, 1909, P. L. 475, as amended by the Act of July 11, 1923, P. L. 1069, 17 PS 1605, concerning admission to the bar.

The plaintiff averred that the board of law examiners of Philadelphia County, on October 15, 1946, approved "the plaintiff for admission to the Bar and did recommend him for admission to the Courts of Philadelphia County . . .", that he was admitted to the Philadelphia bar and was in good standing; that on November 29, 1947, he filed in defendant's office "a Certificate of [his] admission to the Supreme Court of Pennsylvania in the form prescribed" by the Act of 1909,

supra, and also a copy of the certificate of approval of the Philadelphia County board of law examiners. He averred that the defendant refused to issue the writ on "the ground that plaintiff . . . is not a member of the bar of the Court of Common Pleas of Montgomery County." He declared that the Act of 1909 as amended by the Act of 1923, supra, required the defendant prothonotary to accept and comply with his præcipe and that the court should order him to perform his duty.

1. Mandamus is a proper remedy to compel the prothonotary, the court's clerk, to perform a ministerial duty, which is all that plaintiff asked: *Hoopes v. Bradshaw*, 231 Pa. 485, 80 A. 1098 (1911). On behalf of defendant it is said the proceeding is against the court to require plaintiff's admission to the Montgomery County bar. For the purpose of passing on this procedural point we must treat the record as presented to us and therefore cannot regard the court as the defendant. On plaintiff's construction of the Acts of 1909 and 1923, supra, he has stated a good cause of action in mandamus but we all agree that his construction of those Acts must be rejected and the order dismissing the complaint affirmed.

2. The Act of 1909 contained two sections, the first dealing with the effect of admission to practice in the Supreme Court and the second with the effect of disbarment. The first section provided: "That admission now had or that may hereafter be had to practice as an attorney-at-law in the Supreme Court of this Commonwealth shall of itself, without more, operate as an admission of such attorney as an attorney-at-law in every other court of this Commonwealth, without any other or further action by such other courts or by such attorney."

This act was amended in 1923. The addition is shown by the italicized portion of the following quotation: "That admission now had or that may hereafter be had to practice as an attorney-at-law in the Supreme Court of this Commonwealth shall, *upon the approval of the local*

*examining board,* qualify such attorney for admission to practice as an attorney-at-law in every other court of this Commonwealth, and *upon such approval* shall operate as an admission of such attorney in any other court of this Commonwealth upon his filing, in the office of the prothonotary or clerk of said court, a certificate of admission in the Supreme Court *and a certificate of approval from the local examining board* and the payment to such prothonotary or clerk of a fee of one dollar."

Appellant's brief correctly states that "the only question is what is the meaning of the words 'the local examining board' in the 1923 amendment." He contends that his approval by the local board of Philadelphia County satisfies the statutory requirement for his admission to the bar of Montgomery County, and to the bars of all the counties of the Commonwealth. We cannot agree with this contention.

Long before the above Acts were passed the courts in the various counties appointed examining boards to pass on the qualifications of persons desiring admission to the local bar. Our rules then provided that to be admitted to the bar of this Court it was necessary to have been a member of a county bar for a specified number of years.[1] In 1903 the state board of law examiners was created pursuant to new rules.[2] The purpose was to secure state wide uniformity of educational qualifications for admission to local bars and to the bar of the Supreme Court. Local examining boards were not abolished and the state board has continuously relied upon investigation and character approval of the applicant by local boards.

Questions may arise (1) on initial application for admission to a local bar; (2) on initial application for admission to the bar of the Supreme Court; (3) on the effect of admission to the bar of the Supreme Court on

---

[1] Exceptions were made for graduates of designated law schools.

[2] On the origin of the state board see the proceedings of the state bar association in 1900 and 1901, volumes 6 and 7.

applications for admission to local bars. This appeal presents only the third question.

Under the Act of 1909, supra, admission to the Supreme Court operated without more as an admission to all state courts: *Hoopes v. Bradshaw,* supra. The amendment of 1923 changed this ". . . by requiring" as the title to the amendment states, "the approval of the local board of examiners to entitle attorneys-at-law to practice before the different courts." When the legislature added to the Act of 1909 the words "upon the approval of the local examining board" it was referring to a well-recognized institution that for many years had been performing a local function. To hold that the legislature intended that local approval in one county must be accepted in another to the exclusion of the local board of that county, is to nullify the amendment. To support plaintiff's contention the legislature should have said "upon the approval of any county examining board" instead of saying "the local examining board." The meaning of this phraseology was not presented for discussion in *Olmsted's Case,* 292 Pa. 96, 140 A. 634 (1928), because Olmsted properly understood the statute to require the approval of the Delaware County board of law examiners for admission to the Delaware County bar. Nor was the question involved in *Clarke Case,* 357 Pa. 603, 55 A. 2d 318 (1947), because Clarke had obtained the approval of the local board; it was because he had brought himself within the Act of 1923 by that approval that we held the common pleas of Delaware County must admit him to practice.

We have decided what both parties have agreed to be the only question necessary for decision on this record and for that reason do not attempt to define the line separating the judicial power over admission to the bar from general legislative power.

Order affirmed at appellant's costs.

128

CONCURRING OPINION BY MR. JUSTICE JONES:

I concur in Mr. Justice LINN'S opinion for the Court that the interpretation of the Act of 1909, as amended by the Act of 1923, which the appellant advances, is untenable. However, I wish to add, in passing, that the ultimate rule-making power in respect of admissions to practice law before the courts of this Commonwealth lies exclusively in this Court. It has never been disputed that the admission of attorneys to the practice of law involves the exercise of judicial power [1] which, by Article V, Section 1, of the Pennsylvania Constitution, is vested in the various courts of the Commonwealth; and, the paramount supervisory power over the courts of the Commonwealth is reposed in this Court by virtue of the Act of May 22, 1722, 1 Sm. L. 131, 140, Sec. XIII, which became constitutionally entrenched with the advent of our first State Constitution in 1776. It follows, therefore, that relief of the nature sought by the appellant can be competently afforded only, if at all, by further appropriate rules of this Court. In the meantime, so long as local examining boards are permitted to approve or reject applications for admission to the practice of law in courts of this Commonwealth, the rules whereby such boards operate must not be unreasonable and, so, constitute proper subjects for review.

Mr. Justice HORACE STERN joins in this opinion.

---

[1] See *Commonwealth ex rel. Brackenridge v. Judges of the Court of Common Pleas of Cumberland County*, 1 S. & R. 187, 192, 195 (1814) ; *Petition of Joseph P. Splane*, 123 Pa. 527, 539-540, 16 A. 481 (1889) ; and *Hoopes v. Bradshaw*, 231 Pa. 485, 487, 80 A. 1098 (1911).