# In re Saul

*Darlington Hoopes*, for petitioner.

*George B. Balmer*, for respondent.

HESS, J., November 9, 1959—John G. Saul, Esq., a member of the bar of the District of Columbia, has applied to the Pennsylvania Board of Law Examiners for permission to take the bar examination, prerequi-

site for admission to practice law in the State of Pennsylvania and in Berks County. The application was referred to the Berks County Board of Law Examiners for consideration, investigation and report to the State board in accordance with the rules and regulations of that board and of the Supreme Court. Petitioner alleges that he originally applied in 1934 and was notified in February 1949, that his application had been rejected. While not set forth in the petition, it was stated at the oral argument on preliminary objections to the petition that an appeal was filed to the State board, hearing held and petitioner's application refused.

Throughout the intervening years petitioner has sought a rehearing before the local board, and apparently a rehearing was held on September 27, 1957. By letter dated May 22, 1958, petitioner was informed that the county board again rejected his application. A petition was filed in this court requesting the court to issue a rule on the county board to show cause why it should not: (a) Adopt written rules and regulations governing its proceedings and the conduct of its hearings, and defining the standards of fitness and general qualifications (other than scholastic) required by said board in deciding its recommendation for admission to the Pennsylvania State Bar Examination and the bar of this court, and to furnish petitioner with a copy thereof; (b) grant petitioner a rehearing to be conducted in accordance with the principles of due process; (c) give petitioner, in advance of said rehearing, adequate notice of the adverse information which it has against him so that he can be prepared to meet the same; (d) produce witnesses and offer testimony at said rehearing in support of any adverse information it proposes to use against petitioner, and grant petitioner an opportunity to cross-examine said witnesses; (e) keep a stenographic record of the proceedings at

said rehearing, and in the event of an adverse recommendation by said board, provide petitioner with a copy thereof in ample time to prepare his appeal to the State Board of Law Examiners; and why the court should not grant such other and further relief as to the court may seem just and proper. The petition was filed in behalf of petitioner by Darlington Hoopes, Esq., who was appointed to represent petitioner by the court upon the motion of the president of the Berks County Bar Association, asking that an attorney be appointed to represent petitioner.

The Berks County Board of Law Examiners filed preliminary objections to the petition, questioning the jurisdiction of this court to grant the relief desired. The question has been ably argued before the court en banc by George B. Balmer, Esq., representing the board, and by Darlington Hoopes, Esq., representing petitioner, and the court is grateful to both attorneys for the professional assistance that they have rendered in this matter.

The admission of lawyers to practice before the Supreme Court and before any other court of the Commonwealth is regulated by rule 12½ of the Rules of the Supreme Court of Pennsylvania which provides: "Admission to the bar of this Court shall entitle anyone so admitted to admission to the bar of any other court of this Commonwealth, subject, however, to the right of the County Board of the county in which his application for admission to the bar is filed to pass upon the applicant's fitness and general qualifications (other than scholastic), notwithstanding any prior certification to such effect by the County Board of the county of his original registration, and subject, further, to the applicant's filing with the County Board, if local rules so require, his written promise to establish and maintain his principal office and place of law practice in the county to whose bar he seeks admission.

"In case the County Board refuses to certify or recommend an applicant for admission to the bar of the county he shall have a right to a hearing on that issue before the County Board, and if the decision is adverse to the applicant, the latter shall have a right of appeal to the State Board, and if the decision there should also be adverse, the applicant shall have a right of appeal to this Court. Should the decision of the State Board be a reversal of the decision of the County Board, the latter shall likewise have a right of appeal to this Court. The County Board shall have a stenographic record made of the hearing on the issue and every appeal herein provided for shall be accompanied by a transcript of that record.

*"No person shall be admitted to practice before any court of this Commonwealth unless he has previously complied with all requirements of these rules and has received a certificate from the State Board of Law Examiners recommending his admission to the Bar of this Court.*

"Any and all local rules for admission to the respective bars of the courts of the several counties of this Commonwealth, which prescribe length of residence in that county or length of practice in another county as a prerequisite to admission to the local bar or limit the number of admissions upon a quota basis, are hereby superseded." (Portion italicized represents amendment to the rule by order of the Supreme Court dated December 1, 1958.)

Rules 6 to 14 inclusive control the registration of law students, admission to practice and duties of both the State and local boards. Rule 13A clearly states that: "All recommendations of a County Board in matters arising under these rules (6-14 inclusive) shall be advisory to the State Board." Rule 13C requires that: "The actions and records of the State

Board and of the County Boards shall not be open to inspection by the public or by the persons interested."

We are completely satisfied that this court has no authority to order the Berks County board to do the things that petitioner requests. While the members of the board hold office under our appointment, the Rules of the Supreme Court control the registration of law students and the admission of lawyers. Historically this was not always true and until the amendment to rule 12½ under date of December 1, 1958, the local court in rare cases admitted persons to practice before this court who had no standing to practice before the Supreme Court and had not fulfilled the requirements for practice before that court. We are satisfied that such procedure can no longer be followed.

Petitioner's problem, however, is not presently concerned with admission to any court, but is related to the question of being permitted to take the Pennsylvania State Bar Examination. The county courts have never had and do not now have any power or authority to regulate in relation to matters of that nature. "In 1903 the state board of law examiners was created pursuant to new rules. *The purpose was to secure state wide uniformity of educational qualifications for admission to local bars and to the bar of the Supreme Court.* Local examining boards were not abolished and the state board has continuously relied upon investigation and character approval of the applicant by local boards." (Italics supplied) : Stewart v. Bechtel, 360 Pa. 123, 126.

It might be argued that the Supreme Court rules are only concerned with "uniformity of educational qualifications for admission" and that the county court should establish rules relating to "investigation and character approval". In view of the fact, however, that all recommendations of a county board are only "advisory to the State Board" (Pennsylvania Supreme

Court rule 13A), the local board acts as an agent for the State board, and the principles of uniformity require that it shall proceed under rules established by the Supreme Court and by the State board.

We are not unmindful of the decisions of the Supreme Court of the United States which petitioner has cited in his brief that hold that: "A State cannot exclude a person from the practice of law or from any other occupation in a manner or for reasons that contravene the Due Process or Equal Protection Clause of the Fourteenth Amendment": Schware v. Board of Bar Examiners of State of New Mexico, 353 U.S. 232, 77 S. Ct. 752.

The Supreme Court of Pennsylvania, while perhaps not using the same words, has recognized the principles involved in its various decisions relating to the right to practice law before the courts of this State. See Olmsted's Case, 292 Pa. 96, Clarke Case, 357 Pa. 603. If additional rules are required to assure "due process" and "equal protection" to prospective law students and attorneys-at-law, the Supreme Court of Pennsylvania is the forum for entertaining such requests. The local court, at most, can establish rules which relate to applicant's "written promise to establish and maintain his principal office and place of law practice in the county to whose bar he seeks admission" and "applicant's fitness and general qualifications (other than scholastic), notwithstanding any prior certification to such effect by the County Board of the county of his original registration . . .": Rule 12½, supra.

"Applicant's fitness and general qualifications," however, pre-supposes prior admission to the bar of the Supreme Court, and local rules may not be "out of harmony with our [the Supreme Court's] present system; . . .": Olmsted's Case, supra, page 106.

The language of Mr. Justice Jones, now Chief Justice, in his concurring opinion in Stewart v. Bechtel, supra, page 128, is particularly apropos: "It follows, therefore, that relief of the nature sought by the appellant [petitioner] can be competently afforded only, if at all, by further appropriate rules of this Court [Supreme Court]."

There is further reason why we find no merit in the petition. The local board apparently concluded its consideration of petitioner's case in 1949 when it reported to the State board. The latter body rejected the application to be permitted to take the bar examinations. The petition does not allege that a subsequent application has been filed with the State board. Until such application is filed and the matter referred by the State board to the county board, we are not able to conclude that there is any matter pending before the county board.

And now, to wit, November 9, 1959, the preliminary objections are sustained and the rule heretofore granted upon the Berks County Board of Law Examiners to show cause why the prayer of the petition of John G. Saul, Esq., should not be granted is discharged.