# White Appeal.

Argued April 29, 1964. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

500

*Cassin W. Craig*, with him *William F. Dannehower, Aaron S. Swartz, Jr., Thomas E. Waters, Roland J. Fleer* and *Roger B. Reynolds*, for appellants.

*Lewis H. Van Dusen, Jr.*, with him *R. Philip Steinberg*, and *Drinker, Biddle & Reath*, for appellee.

OPINION BY MR. JUSTICE COHEN, June 1, 1964:

Bernard H. White submitted his application for admission to the Montgomery County Bar to the Montgomery County Board of Law Examiners. The application set forth in detail White's qualifications, including his admission to the Bar of the Supreme Court of Pennsylvania on November 11, 1957; to the Courts of Common Pleas of Philadelphia County on July 16, 1957; to the Orphans' Court for the County of Philadelphia on July 10, 1957; to the Municipal Court of Philadelphia on August 15, 1957; and to the United States District Court for the Eastern District of Pennsylvania on August 28, 1957.

White stated in his application that he intended to practice permanently in Montgomery County, and that his principal office in that county would be at the Valley Forge Space Technology Center of General Electric Company where he would act as counsel for the Missile and Space Vehicle Department.

On January 20, 1963, the Montgomery County Board of Law Examiners rejected White's application

on the ground that the office provided him by the Missile and Space Vehicle Department of General Electric Company was not the office of the applicant as an individual practicing attorney. White appealed to the State Board of Law Examiners which Board reversed the Montgomery County Board and ordered that a certificate be issued by the Montgomery County Board recommending his admission to the Montgomery County Courts. This appeal followed.

Rule 14 of the Rules of the Supreme Court of Pennsylvania provides: "Admission to the bar of this Court shall entitle anyone so admitted to admission to the bar of any other court of this Commonwealth, subject, however, to the right of the County Board of the county in which his application for admission to the bar is filed to pass upon the applicant's fitness and general qualifications (other than scholastic), notwithstanding any prior certification to such effect by the County Board of the county of his original registration, and subject, further, to the applicant's filing with the County Board, if local rules so require, his written promise to establish and maintain his principal office and place of law practice in the county to whose bar he seeks admission."

There is nothing in Rule 14 which precludes the establishment and maintenance of a law office on the premises of the corporation which employs a lawyer as "house counsel." Hence, it was error for the Montgomery County Board of Law Examiners to deny White's application for admission.

The Montgomery County Board of Law Examiners also questions the constitutionality of the appeal provisions of our Rule 14. This allegation cannot be better answered than it has in the brief of the appellee from which we fully quote: "Appellants' somewhat elusive argument that this Court is constitutionally prohibited from providing in Supreme Court Rule[1] [footnote

omitted] for an appeal from a County Board of Law Examiners to the State Board seems to rest not upon the constitution, but upon the Act of April 14, 1834, P. L. 333, Section 68, 17 P.S. §1602. That section, which merely gives all courts power to admit attorneys and is but a small part of a comprehensive statute governing the operation of all of the courts of the Commonwealth, is hardly authority for the proposition that the decision on admitting attorneys to practice before a county court rests only with the county court. This Court has decided otherwise, as has the Legislature in the Act of July 11, 1923, P. L. 1069, 17 P.S. §1605, which provides: 'Admission now had or that may hereafter be had to practice as an attorney-at-law in the Supreme Court of this Commonwealth shall, *upon the approval of the local examining board,* qualify such attorney for admission to practice as an attorney-at-law in every other court of this Commonwealth, and *upon such approval shall operate as an admission of such attorney in any other court of this Commonwealth upon his filing, in the office of the prothonotary or clerk of said court, a certificate of admission in the Supreme Court and a certificate of approval from the local examining board* and the payment to such prothonotary or clerk of a fee of one dollar.' (Emphasis added.)

"In Clarke Case, 357 Pa. 603, 55 A. 2d 318 (1947), Justice LINN held that the Act of 1923 *requires* the county court to admit an applicant who presents the proper certificates from the Supreme Court and the County Board (357 Pa. at 605-606): 'Appellant . . . applied to the court below for reinstatement pursuant to the Act of 1923 and, in compliance with its provisions, based his application on the certificate of his reinstatement in this Court and the approval of the local examining board. Appellant's application contained the essentials for favorable action; he exhibited the certificate of his readmission to practice in the Supreme

Court and the certificate of approval of the local examining board. There is no suggestion of failure to comply with local rules; on the contrary, from what the court said, the rules seem to have been fully complied with. *In the circumstances, therefore, it was the duty of the court to grant the prayer of the petition.* Reinstatement was refused in an opinion written by MAC-DADE, P. J., which does not clearly state the ground of the court's action.

"'As near as we can determine the court's objection to reinstating appellant, it was based on the theory that the court had an inherent power to exclude.* Courts of Common Pleas have no such power, as was held in Hoopes v. Bradshaw, 231 Pa. 485, 80 A. 1098.' (Emphasis added.)

"The county court, therefore, cannot overrule its own board of law examiners to keep a qualified applicant out. In the same way, a county court will follow a decision of its board of law examiners recommending against admission.[2] [footnote omitted]

"The Supreme Court sensibly provided in Rule 14 for an appeal from a county board to the State Board, for several reasons:

"First, it enables this Court to obtain the views of the representatives of the state bar, as well as the county bar, in the event of an appeal to this Court. If the views of the State Board are to be secured at all, the appeal has to be from the county board to the State Board. It would be quite illogical to have an appeal lie from the State Board to the county court, with which the State Board has no connection. In those cases of disbarment from or reinstatement to a local bar which come before the Board of Governance of the Pennsylvania Bar, a similar procedure is followed. Under Rule 17 (I), the Supreme Court has made provision for obtaining the views of both the local bar and the Board of Governance of the Pennsylvania Bar before

an appeal is taken to the Supreme Court. This procedure is consistent with the provisions for admitting members to county courts.

"Second, the appeal procedure set forth in Rule 14 assures the applicant of a meaningful review of the county board's decision; and

"Third, it provides for a uniformity in practice among the various county boards of law examiners.

"This Court has traditionally had the prerogative of adopting rules governing the admission of attorneys to all courts, including the Montgomery County Court. Chief Justice JONES (then Mr. Justice JONES) made this clear in his concurring opinion [joined in by Justice HORACE STERN] in Stewart v. Bechtel, 360 Pa. 123, 128, 61 A. 2d 514, 516 (1948) : 'I wish to add, in passing, that the ultimate rule-making power in respect of admissions to practice law before the courts of this Commonwealth lies exclusively in this Court. It has never been disputed that the admission of attorneys to the practice of law involves the exercise of judicial power which, by Article V, Section 1, of the Pennsylvania Constitution, is vested in the various courts of the Commonwealth; and, the paramount supervisory power over the courts of the Commonwealth is reposed in this Court by virtue of the Act of May 22, 1722, 1 Sm. L. 131, 140, Sec. XIII, which became constitutionally entrenched with the advent of our first State Constitution in 1776. It follows, therefore, that relief of the nature sought by the appellant can be competently afforded only, if at all, by further appropriate rules of this Court. In the meantime, so long as local examining boards are permitted to approve or reject applications for admission to the practice of law in courts of this Commonwealth, the rules whereby such boards operate must not be unreasonable and, so, constitute proper subjects for review.'

"Rule 14's appeal procedure is both constitutionally and logically sound, and this case should not be re-

manded to the Montgomery County Court for further consideration. Nearly two and one-half years have elapsed since Mr. White first applied for admission in what was thought to be a routine application. It requires little prescience to realize that a remand to Montgomery County [Court] will be of no help to Mr. White."

The decision of the State Board of Law Examiners is affirmed.

Mr. Justice ROBERTS concurs in the result.