517 A.2d 980

COMMONWEALTH of Pennsylvania

v.

Allen CARROLL, Jr., Appellant.

Superior Court of Pennsylvania.

Argued Sept. 11, 1986.

Filed Nov. 10, 1986.

Allen Carroll, Jr., in propria persona.

Alan Sacks, Assistant District Attorney, Philadelphia, for Com., appellee.

Before McEWEN, DEL SOLE and TAMILIA, JJ.

TAMILIA, Judge:

Appellant was convicted of driving under the influence of alcohol after a hearing in Philadelphia Municipal Court. He subsequently filed an appeal pro se for a trial de novo in the Common Pleas Court and was arraigned on January 3, 1986 at which time he advised the court he would have "counsel of his choice" on the scheduled trial date.

On February 4, 1986, the appellant filed a document entitled "Constructive Notice" and a "Brief in Support of Constructive Notice" which the court characterized as "attacks on our entire system of justice." (Slip Op. 4/9/86, p. 2).

The appellant's case was called for trial on February 18, 1986 at which time he advised the court of his desire to be represented by a non-lawyer. The appellant continued to argue that he had a right to counsel of his choice and when the court would not agree, he sought a continuance.

The court granted the continuance but also held appellant in contempt of court for obstructing justice and fined him $500. This appeal pro se followed.

Appellant in his pro se brief argues that the court erred in finding him in contempt for attempting to have the counsel of his choice. We do not agree.

"Each court is the exclusive judge of contempts against its process, and on appeal its action will be reversed only when a plain abuse of discretion occurs." *Neshaminy Water Res. v. Del-Aware Unlimited, Inc.,* 332 Pa.Super. 461, 469, 481 A.2d 879, 883 (1984) citing *East & West Coast Service Corp v. Papahagis,* 344 Pa. 188, 190, 25 A.2d 341, 342 (1942).

■ The court in its Opinion discusses the law as it applies to choice of counsel and properly establishes that a non-lawyer cannot represent others in court.

In his brief, appellant cites to the earliest statutes of the Commonwealth which would permit a person to be represented by a friend. This was in the context of colonial society where the practice of law, as a profession, was unregulated and the number of persons trained in the law was few. Necessity dictated that untutored and illiterate persons have available to assist them a person who might have superior skills, knowledge or literacy. Pursuant to the Pennsylvania Constitution, power to regulate the practice of law before all the courts of Pennsylvania has been exclusively granted to the Supreme Court of Pennsylvania. Article V, section 10(c) provides:

(c) The Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts, justices of the peace and all officers serving process or enforcing orders, judgments or decrees of any court or justice of the peace, including the power to provide for assignment and reassignment of classes of actions or classes of appeals among the several courts as the needs of justice shall require, *and for admission to the bar and to practice law, and the administration of all courts and supervision of all*

*officers* of the judicial branch, if such rules are consistent with this Constitution and neither abridge, enlarge nor modify the substantive rights of any litigant, nor affect the right of the General Assembly to determine the jurisdiction of any court or justice of the peace, nor suspend nor alter any statute of limitation or repose. All laws shall be suspended to the extent that they are inconsistent with rules prescribed under these provisions. (emphasis added)

For the purpose of administering the admission to the bar and practice of law, the Supreme Court has created the Board of Law Examiners, which establishes standards for admission to the bar and has adopted the Code of Professional Responsibility (detailed in 42 Pa.C.S.A.) enunciating the standards governing the conduct of those privileged to practice law in this Commonwealth.

In *Wajert v. State Ethics Commission*, 491 Pa. 255, 420 A.2d 439 (1980), the Supreme Court determined that a former judge was a public official, as defined by the Ethics Act, 65 P.S. § 403(e), but that the act was unconstitutional as it infringed upon the exclusive power of the Supreme Court to govern conduct of persons privileged to practice law, Pennsylvania Constitution, Article V, section 10(c).

In this case, appellant would place himself above the constitution, above the Supreme Court administrative rulings and above the law in designating a non-lawyer to defend him. It might be argued that the appellant would get the representation he deserved in such a designation, but the law, particularly in criminal cases, will, whenever possible, protect the individual from his own folly. Only where the appellant/defendant insists on representing himself, pursuant to the guarantee of the federal and state constitutions, will the exception be made, and then, only after the court has assured itself that the party is aware of the danger of such a practice and standby counsel has been afforded. To do otherwise would simply interfere with the orderly administration of justice and undermine the princi-

ples of justice that requires fairness and procedural due process.

Local courts have no power to admit persons to the practice of law as the Supreme Court of Pennsylvania has exclusive authority over admissions to the bar. *Laffey v. Court of Common Pleas of Cumberland County*, 503 Pa. 103, 468 A.2d 1084 (1983). The practice of law involves matters of serious public concern and in addition to regulation by the Supreme Court (pursuant to the constitution), the legislature has determined to control abuse and to prevent the unauthorized practice of law. In doing so, it has enacted the following:

**42 Pa.C.S.A. § 2521. Office of attorney at law**

Persons admitted to the bar of the courts of this Commonwealth and to practice law pursuant to general rules shall thereby hold the office of attorney at law.

and

**§ 2524. Penalty for unauthorized practice of law**

Any person who within this Commonwealth shall practice law, or who shall hold himself out to the public as being entitled to practice law, or use or advertise the title of lawyer, attorney at law, attorney and counsellor at law, counsellor, or the equivalent in any language, in such a manner as to convey the impression that he is a practitioner of the law of any jurisdiction, without being an attorney at law or a corporation complying with the act of July 9, 1970 (P.L. 461, No. 160), known as the "Professional Corporation Law," commits a misdemeanor of the third degree. (footnote omitted)

We believe the above discussion clearly establishes that a non-lawyer cannot represent another person in court and that the determination of what qualifications are required to be a lawyer is exclusively within the authority of the Supreme Court. Neither the appellant nor the trial court could qualify the appellant's designee as a lawyer for purposes of representing him in a criminal proceeding.

362

■ The court also discussed appellant's conduct and determined that it constituted a knowing and deliberate attempt to delay the proceedings by attempting to have a crime (the unauthorized practice of law) committed at the bar of the court. This, the court found, was justification for the contempt Order.

After a complete review of the record and applying the standard of review set forth above, we find no basis for reversing the action of the lower court.

The Order holding appellant in contempt of court is hereby affirmed.

Order affirmed.