J-S16002-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CAMILLE N. PRESKA AND FRANK T. HARPER | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | No. 1565 EDA 2022 |
| MAINLINE GASTROENTEROLOGY ASSOCIATES, RIDDLE HOSPITAL A/K/A RIDDLE MEMORIAL HOSPITAL, OSCAR LABORDA, M.D., MARISA K. BALDASSANO, PA C, CAROLINE B. BERA, D.O., AND JANE DOE AND JOHN DOE | : | |

Appeal from the Order Entered May 23, 2022
In the Court of Common Pleas of Delaware County Civil Division at
No(s): CV-2020-002891

BEFORE: DUBOW, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.: **FILED MAY 9, 2023**

Appellants, Camille N. Preska and Frank T. Harper, appeal *pro se* from the May 23, 2022 Order entered in the Delaware County Court of Common Pleas entering a judgment of *non pros* in favor of all defendants in this medical malpractice action. Because Appellants did not file a petition to strike or open the judgment against them, they have waived their claims on appeal. We, thus, affirm.

We summarize the relevant facts as follows. On September 28, 2020, Appellant Preska *pro se* filed a complaint raising claims of negligence, strict liability and "outrageous conduct" arising from purportedly negligent

treatment Appellant Preska allegedly received after her 2018 admission to Riddle Memorial Hospital for gastrointestinal symptoms.[1]

After failing to timely file certificates of merit against the defendants, Appellant Preska filed a "Motion Seeking a Determination as to the Necessity of Filing a Certificate of Merit in Lieu of a Report by an Appropriate Licensed Professional," in which she argued that certificates of merit were not required because of her financial constraints and physical limitations.

The parties fully briefed the matter and, on April 21, 2021, the trial court ordered Appellants to file certificates of merit within 60 days or it would enter a judgment of *non pros* upon application of the defendants. Appellants filed several documents titled "Certificate of Merit"; however, finding the purported certificates of merit deficient, the defendants filed motions to strike them asserting that they did not comply with Pa.R.C.P. 1042.3[2] or the trial court's April 21, 2021 order.

On May 23, 2022, the trial court entered an order finding that the certificates of merit did not meet the substantive requirements of Rule 1042.3, striking the certificates of merit, entering judgment of *non pros* in favor of all defendants, and dismissing the case. Appellants did not file a petition to open

---

[1] Appellant Preska, who is not a licensed attorney, filed the complaint on behalf of herself and Appellant Harper. Only Appellant Preska verified the complaint.

[2] In particular, the defendants noted that the documents were deficient in that they did not address or include the requisite statement by an appropriate licensed healthcare provider in support of Appellants' medical malpractice claims.

or strike the judgment of *non pros*. Rather, on June 21, 2022, Appellant Preska filed a *pro se* Notice of Appeal on behalf of herself and Appellant Harper.[3]

**A.**

As a prefatory matter, we address Appellant Preska's purported legal representation of Appellant Harper. Here, the trial court record and this Court's docket indicate that Appellant Preska has, throughout these proceedings, acted as Appellant Harper's legal representative by filing all pleadings on behalf of both herself and Appellant Harper. It is axiomatic that non-lawyers cannot represent parties before the courts. ***Kohlman v. Western Pa. Hosp.***, 652 A.2d 849, 852 (Pa. Super. 1994). ***See also Commonwealth v. Carroll***, 517 A.2d 980, 981 (Pa. Super. 1996) ("a non-lawyer cannot represent others in court"). Because Appellant Harper is neither proceeding *pro se* nor with licensed legal counsel, we dismiss this appeal as to Appellant Harper.

---

[3] On September 9, 2022, this Court issued an Order directing Appellants to show cause as to why Appellants had not waived all of their issues on appeal by failing to file a petition to open or strike the judgment of *non pros* and why the appeal should not be dismissed as to Appellant Harper because Appellant Preska filed an unauthorized *pro se* notice of appeal on his behalf.

On September 19, 2022, Appellant Preska responded to the rule to show cause explaining that she was unable to obtain legal representation or any certificates of merit. Appellant Preska did not address her unauthorized practice of law as to Appellant Harper or demonstrate that she had preserved any issues for this Court's review as directed by this Court. Nevertheless, the Court discharged the rule to show cause, noting that the merits panel may revisit the issues raised in the rule to show case.

**B.**

Before we reach the merits of the issues Appellant Preska has raised on appeal, we consider whether she has preserved them.

Pa.R.C.P. 3051 requires a party to seek relief from a judgment of *non pros* by filing a petition to open or strike the judgment. ***See*** Pa.R.C.P. 3051(a) ("Relief from a judgment of *non pros* shall be sought by petition.") (italics added). Accordingly, "any appeal related to a judgment of *non pros* lies not from the judgment itself, but from the denial of a petition to open or strike." ***Cardona v. Buchanan***, 230 A.3d 476, 479 (Pa. Super. 2020) (citation omitted). ***See also Sahutsky v. H.H. Knoebel Sons***, 782 A.2d 996, 999 (Pa. 2001) (Rule 3051's "mandatory phrasings that relief from a *non pros* 'shall be sought by petition' and 'must be asserted in a single petition' clearly connote a requirement that parties file a petition with the trial court in the first instance.") (emphasis omitted). Failure to do so results in waiver of the claims that would be raised on appeal. ***Womer v. Hilliker***, 908 A.2d 269, 277 (Pa. 2006) ("[T]the terms of Pa.R.C.P. No. 3051 clearly directed that a petition to open be filed initially with the trial court, and that plaintiffs' failure to do so operated as a waiver of any of the claims of error concerning the judgment of *non pros* entered by the trial court"); ***Sahutsky***, 782 A.2d at 1001 n.3 ("[T]he proper consequence of the failure to file a Rule 3051 petition is a waiver of the substantive claims that would be raised."); ***Cardona***, 230 A.3d at 478 ("Appellant waived her objection to the order of dismissal by failing to file a petition to open.").

As noted above, Appellant Preska did not file a petition to open or strike the judgment of *non pros* before taking this appeal. She has, therefore, waived any of the substantive claims she could have raised on appeal.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/2023

---

[4] Moreover, even if Appellant Preska had preserved issues for review, our review of the Superior Court docket indicates that, even after receiving numerous extensions of time, Appellant Preska filed her appellate brief late. In addition, our review of Appellant Preska's brief reveals that it substantially fails to comply with our Rules of Appellate Procedure, resulting in our inability to conduct meaningful appellate review.